CHITTENDEN,
January,
1839.

R. NIMS, DANIEL P. LAPHAM AND W. P. BRIGGS *v.* T. D.
ROOD AND H. LEAVENWORTH.

### (*In Chancery.*)

When an individual has neglected to present certain claims to the commissioners, appointed on an insolvent estate, by an agreement of the administrator to allow the same in offset on payment of a demand in favor of the estate, such claims may be allowed and offset in chancery.

An unliquidated account cannot be offset in chancery; but the court will sometimes defer a decree to enable the party to have the account liquidated

THE bill alleged that the orators, being partners in business, under the firm of Daniel P. Lapham and Co. on the 2d day of December, 1828, executed to Levi Rood their promissory note of that date, for $54,84, payable in ninety days from its date, and that the said Rood died before said note became due, having, before his decease, become indebted to the orators, for the medical advice and attendance of said Nims, one of the orators, during his last sickness, in the sum of $10,50, which was by the orators charged on book; that a few hours after the death of said Rood, and without the knowledge of his death, the orators purchased three notes signed by said Rood, one dated May 15, 1828, for $34; one of the same date for $30; both of which were payable

to John Mc Candless, and one of two dollars, payable to James Cady.

The bill further stated, that the defendant, Thomas D. Rood, was appointed administrator of the estate of said Levi Rood, and as such administrator promised the orators to apply the whole of said account for medical attendance and advice upon the orators' note aforesaid, and also so much of the notes, so purchased as aforesaid, as should be the share of the orators thereon upon the dividend to be made in the due settlement of said estate; that in violation of said agreement the said administrator afterwards delivered said note against the orators to John C. Thompson, an attorney, for collection, and that said note, being payable to the intestate or bearer was, by said Thompson, sued in his own name, he having no interest in said note, excepting as attorney for said administrator; that, pending said suit, said Thompson died, and the defendant, H. Leavenworth, was appointed administrator upon his estate, and, as such, entered and prosecuted said suit to final judgment; that execution had issued on such judgment for the full amount of the note sued, the strict rules of law precluding the application of the orators' said claims, in offset or payment of said note.

The bill concluded with a prayer for discovery and relief, and for an injunction upon said execution, which injunction was granted by the chancellor issuing the subpœna upon the bill.

The defendant Rood answered, admitting his appointment as administrator upon the estate of said Levi Rood and stating that he found among the intestate's papers two notes against the orators, one for about $60 and the other for $54,84, being the note described in the orators' bill; which notes were payable at different times; that when the $60 note, which was first payable, became due, he presented it to the orators for payment, who informed him they had claims in offset to said note, and produced a note of $30, payable by the intestate to the orators, and also the two notes payable to John Mc Candless, mentioned in the orators' bill; that he allowed and applied on said $60 note

the said $30 note payable to the orators, and at the same time informed them he could allow no offsets, but such as he was legally authorized, as administrator, to allow; that the estate of his intestate was insolvent, but that he offered to pay on said Mc Candless notes such sum as would be within the probable dividend upon said estate, which he informed them he thought would not be less than fifty cents on the dollar; that the orators accepted said offer, and gave the defendant to understand that they would present said notes to the commissioners of insolvency on said estate for allowance; that it was with such understanding that the defendant made such offers of payment.

This defendant's answer further stated, that, in addition to the $30 note applied as aforesaid, eight dollars more of said $60 note was applied upon the $34 Mc Candless note, and the balance of said note for $60 was paid by the orators to the defendant in money; that it was then agreed between this defendant and the orators, that when the note for $54, 84, against the orators, should become due, such portion of said note as would, with the aforesaid eight dollars, make one half of the $34 Mc Candless note, should be applied upon the latter and indorsed upon the former, and that the orators agreed to pay the balance to be due after such indorsement; that it was also mutually agreed that this defendant should pay one half of the other note payable to said Mc Candless, which was payable in grain, and that this defendant did afterwards pay in grain thereon what was considered to be one half the amount of said last mentioned note, but that, upon calling upon the orators, when their said note to the intestate for $54,84 became due, and offering on his part to fulfil said last mentioned agreement, the orators refused to fulfil said agreement, and refused to do any thing further in the adjustment of the business, unless this defendant would pay the full amount of the balance due upon the said two notes made payable to said Mc Candless, all which took place some weeks before the first sitting of commissioners upon said estate.

The defendant further answered, that said estate was in-

solvent, and would pay only sixty nine cents upon the dollar of claims allowed against it. This defendant's answer denied all agreement to pay the note of $2, mentioned in the orators' bill, or the said account of $10,50, and stated that this defendant had been informed and believed that the orators had not any such last sickness account as stated in their bill. This defendant admitted that said Thompson had no other interest but that of an attorney in the suit aforesaid, and that the defendant, Leavenworth, was interested therein only as administrator of the said Thompson.

It was proved that one of the orators, Dr. Nims, attended the intestate, Rood, during his last sickness, but there was no proof of the agreement stated in the bill.

*W. P. Briggs,* for orators.

*H. Leavenworth,* for defendants.

The opinion of the court was delivered by

WILLIAMS, Chancellor.—The orators offer no proof of the agreement stated in their bill; it must, therefore, be taken as admitted in the answer. If the answer is not entitled to credit, as the orators claim in their argument, the bill is without any evidence to support it.

With respect to the note executed by the deceased to Cady, there is no proof in relation to it, and it is wholly denied in the answer that there was any agreement about it. This note must be laid out of the question.

It is admitted there was some agreement in relation to the notes given to Mc Candless; and, although they were purchased by the orators after the decease of Rood, and cannot be set off to the full amount against the claims which the deceased held against the present orators, yet, inasmuch as the orators may have relied on the agreement of the administrator, and, on that account, neglected to present them to the commissioners on the estate of the deceased, the orators are entitled to a dividend on those two notes, to be applied to the judgment which the defendants hold against them. The dividend, it appears, was sixty nine cents on the dollar.

With respect to the account against the estate for the attendance of Dr. Nims during the last sickness, it appears the orators have a just claim against the estate for the amount which may be found due. It is proved that Dr. Nims at-

tended him in his last sickness; but, as the account is unliquidated, and is denied in the answer, as well as all agreements in relation to it, the orators cannot have a decree therefor, at this time. A final decree will not now be made in the case, that the orators may have that claim liquidated by a suit at law, inasmuch as it will probably never be recovered unless it is allowed as an offset to the judgment of the defendants against the orators. The orators mày take a decree for the amount of the dividend on the Mc Candless notes, but without cost, as the defendant had a right to sue the orators, as he did, on the note mentioned in the bill, and, moreover, in that suit the present orators claimed to have the whole of the Mc Candless notes applied in set off to the defendants notes, which claim was not allowed in their suit, and is unsupported by evidence.

N.B. The defendants consented ·to the allowance of the account for last sickness, and the orator took a decree for that sum as well as for the dividend before mentioned.